53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Giovanni DI STEFANO, Plaintiff-Appellant,
v.
Benedict J. FERRO, District Director INS, Rome Italy; Janet
Reno, Attorney General, Defendants-Appellees.
 No. 94-55822.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Giovanni Di Stefano, a native and citizen of Italy currently residing in the former Yugoslavia, appeals the district court's summary judgment in favor of defendants in Di Stefano's action challenging the denial of his application for a waiver of inadmissibility under 8 U.S.C. Sec. 1182(d)(3)(A). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 
 3
 * Background
 
 
 4
 On March 18, 1986, Di Stefano pleaded guilty in the Crown Court of England to various offenses involving fraudulent trading. On a subsequent visit to the United States, Di Stefano's conviction came to the attention of the Immigration and Naturalization Service ("INS") and he was placed in deportation proceedings. At his deportation hearing, Di Stefano admitted being deportable as an alien who was inadmissible at the time of his entry because he was convicted of a crime of moral turpitude. He did not request any relief from deportation, waived his right to appeal, and was deported.
 
 
 5
 Several months after his deportation, Di Stefano submitted to the American Embassy in Belgrade an application for a visa to re-enter the United States as a nonimmigrant visitor/businessman pursuant to 8 U.S.C. Sec. 1101(a)(15)(B). Di Stefano also submitted an application for a waiver of inadmissibility pursuant to 8 U.S.C. Sec. 1182(d)(3)(A).
 
 
 6
 The American Embassy in Belgrade denied Di Stefano's visa application on the ground that he was statutorily ineligible for the visa and thus required a waiver of inadmissibility. In accordance with 8 C.F.R. Sec. 212.4(a), Di Stefano's application for a waiver was forwarded to the INS District Director Benedict J. Ferro in Rome, Italy. District Director Ferro denied Di Stefano's application for a waiver after weighing Di Stefano's conviction in England and the absence of any demonstration of rehabilitation against the purpose of Di Stefano's visit to the United States. The District Director's denial of Di Stefano's waiver application was forwarded to the American Embassy in Belgrade and Di Stefano's application for a nonimmigrant visa was denied.
 
 
 7
 On August 31, 1993, five months after the denial of his visa application, Di Stefano filed this action in district court alleging that the District Director's denial of his waiver application was arbitrary, capricious, and constituted an abuse of discretion. Di Stefano sought a declaratory judgment directing the District Director and the Attorney General to grant his application for a waiver of inadmissability.
 
 
 8
 The district court granted summary judgment for defendants, concluding that Di Stefano lacked standing to bring the matter before the district court and that the court lacked jurisdiction to review the denial of the waiver application. In the alternative, the district court held that, if the District Director's decision was reviewable, the decision was based on facially legitimate and bona fide reasons. Di Stefano timely appeals.
 
 II
 Merits
 
 9
 Under the provisions of section 212(a) of the Immigration and Nationality Act, ("INA") 8 U.S.C. Sec. 1182, certain classes of aliens are ineligible to receive visas and are excluded from admission into the United States. 8 U.S.C. Sec. 1182(a); Braude v. Wirtz, 350 F.2d 702, 704-07 (9th Cir.1965). Section 212(d), however, provides that, in the discretion of the Attorney General, an alien who is inadmissible under subsection 212(a) may, in the exercise of discretion, be granted a nonimmigrant visa despite the alien's inadmissibility. 8 U.S.C. Sec. 1182(d)(3)(A). In the exercise of the discretion under section 212(d)(3), the District Directors are authorized to act upon recommendations made by consular officers. 8 C.F.R. Sec. 212.4(a).
 
 
 10
 Di Stefano contends that the district court erred by concluding that he lacked standing to bring an action challenging the District Director's denial of his application for a waiver of inadmissibility. This contention lacks merit.
 
 
 11
 "[A]n alien who seeks admission to this country may not do so under any claim of right. Admission of aliens to the United States is a privilege granted by the sovereign United States Government. Such privilege is granted to an alien only upon such terms as the United States shall prescribe." United States ex rel Knauff v. Shaughnessy, 338 U.S. 537, 542 (1950). Nonresident aliens lack standing to seek judicial review of administrative actions under the INA. Braude, 350 F.2d 704-07.
 
 
 12
 Di Stefano is a nonresident alien seeking judicial review of an administrative action under the INA. Thus, he lacks standing to challenge the District Director's denial of his application for a waiver of inadmissibility. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3